**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SAL ALGIERI,**

                    **Plaintiff,**

**-vs-**                                              **Case No. 6:08-cv-895-Orl-22KRS**

**J. WILLIAM DITTER, JR.,**

                    **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 3)** |
| **FILED:** | **June 23, 2008** |

Plaintiff Sal Algieri, a resident of Pennsylvania, brings this action *pro se* against J. William Ditter, Jr. for allegedly violating his constitutional rights and Pennsylvania law in connection with Ditter's performance of his judicial duties. Doc. No. 1. The Court takes judicial notice that Judge Ditter is a Senior United States District Judge, sitting in the United States District Court for the Eastern District of Pennsylvania. Presently before the Court is Algieri's motion to proceed *in forma pauperis*. Doc. No. 3.

**I.     STANDARD OF REVIEW.**

Under 28 U.S.C. § 1915(e), the Court is required to consider whether Algieri's complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J.,concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)to dismissals for failure to state a claim on which relief may be granted under section1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, a complaint must contain a short and plain statement of facts showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1960.

**II.    ANALYSIS.**

Initially, Algieri's motion to proceed *in forma pauperis* is defective because it fails to provide an affidavit regarding his financial condition. Only persons who submit affidavits showing that they are unable to pay the filing fee may proceed *in forma pauperis*. See 28 U.S.C. § 1915(a); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

Secondly, it appears that all of Algieri's claims against Judge Ditter arise from the performance of his judicial duties. As best as the Court can understand the complaint, Algieri sued Judge Vanaskie[1] for constitutional violations. Judge Ditter allegedly conspired with Judge Vanaskie. The nature of this conspiracy is unclear, but it appears the conspiracy was to dismiss Algieri's claims against Judge Vanaskie.[2]

Although the complaint pleads in conclusory fashion that there was a conspiracy, there are no facts alleged that would establish such a conspiracy. *See Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir.2002)("To establish a prima facie case of § 1983 conspiracy, a plaintiff must show, among other things, that the defendants reached an understanding to violate his rights.") (quotations and citation omitted). Thus, the complaint fails to state a claim for conspiracy.

Even if Algieri could amend his complaint to state a claim for conspiracy, the law provides that "'[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in this judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Holt v. Crist*, 233 Fed. Appx. 900, 902 (11th Cir. 2007)(quoting *Sibley v. Lando*, 437

---

[1] Although Plaintiff identifies the other judge as "Vanaski," it appears that Plaintiff refers to Thomas Vanaskie, United States District Judge sitting in the United States District Court for the Middle District of Pennsylvania. Plaintiff also sued Judge Vanaskie in this Court, Case No. 08-cv-766-31GJK.

[2] The Court takes judicial notice that although Judge Ditter ordinarily sits in the Eastern District of Pennsylvania, he was assigned to preside over Algieri's complaint against Judge Vanaskie in the Middle District of Pennsylvania. *Algieri v. Vanaskie*, Case No. 3:07-cv-655-JWD, Doc. No. 4. The Court further takes judicial notice that Judge Ditter dismissed Algieri's complaint against Judge Vanaskie pursuant to 28 U.S.C. § 1915, and for failure to comply with court orders. *Id.*, Doc. No. 29. Algieri has appealed the dismissal to the United States Court of Appeals for the Third Circuit, where it is still pending. *Id.*, Doc. No. 39.

F.3d 1067, 1070 (11th Cir. 2005)).  The immunity also applies when the judge is accused of conspiring to enter an unlawful order.  *Wilson v. Bush*, 196 Fed. Appx. 796, 799 (11th Cir. 2006)(citing *Pierson v. Ray*, 386 U.S. 547, 554(1967)("This immunity applies even when the judge is accused of acting . . . corruptly." )).  Because the complaint fails to show that Judge Ditter acted without jurisdiction, judicial immunity applies.

Finally, even if Algieri could somehow overcome judicial immunity, the complaint fails to set forth any facts that would establish this Court's *in personam* jurisdiction over Judge Ditter.  Absent a showing of sufficient contacts with the State of Florida, this Court lacks personal jurisdiction over Judge Ditter.  *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (plaintiff has the burden "to plead sufficient material facts to establish the basis for exercise of" personal jurisdiction).

Accordingly, Algieri's complaint should be dismissed pursuant to § 1915(e).  It appears that Algieri should be given leave to amend the complaint, if he can allege facts that state a cause of action not barred by judicial immunity and that establish that the Court could exercise personal jurisdiction over Judge Ditter.  *Cf. Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B))

## IV.  RECOMMENDATION.

For the reasons set forth herein, I respectfully recommend that the Court do the following:

1. **DISMISS** the complaint;

2. **DENY** the pending motion to proceed *in forma pauperis*, doc. no. 3, without prejudice;

3. **PERMIT** Plaintiff to file an amended complaint within eleven days from the date of the Order on this Report and Recommendation;

4. **DIRECT** the Clerk of Court to close the file without further order if an amended complaint is not filed within the time permitted by the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 24, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy