**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SAL ALGIERI,**

                **Plaintiff,**

**-vs-**                                                      **Case No. 6:08-cv-895-Orl-22KRS**

**J. WILLIAM DITTER, JR.,**

                **Defendant.**
_____

**ORDER**

This cause is before the Court on the Motion for Leave to Proceed In Forma Pauperis (Doc. No. 3) filed on June 23, 2008.

The United States Magistrate Judge has submitted a report recommending that the Motion be denied without prejudice.

After an independent *de novo* review of the record in this matter, including the objections filed by the Plaintiff, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendations.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed June 24, 2008 (Doc. No. 4) is **ADOPTED** and **CONFIRMED** and made a part of this Order, with the correction that Plaintiff's residence is Florida.

2. The Complaint is hereby DISMISSED.

3.     No later than August 15, 2008 Plaintiff may file an Amended Complaint to cure the deficiencies noted in the Report and Recommendation. Specifically to allege facts that state a cause of action not barred by judicial immunity and establish that the Court could exercise personal jurisdiction over Judge Ditter.  In amending,  Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated.  It is improper for Plaintiff to merely list constitutional rights or federal rights.  Plaintiff must provide support in the statement of facts for the claimed violations.

Further, Plaintiff should clearly describe how the named defendant is involved in the alleged constitutional violation(s) in the body of the complaint.    Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983.  Fullman v. Graddick, 739 F.2d 553, 556-7 (11th Cir. 1984); Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979).  One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights(s) or directed such action and/or omission that resulted in such deprivation.  Finally, Plaintiff must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant).

Most importantly, if Plaintiff intends to allege a number of related claims, then he must set forth each claim in a separate paragraph in the same complaint.

Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action without further notice.

4. The Motion to Proceed In Forma Pauperis (Doc. No. 3) is DENIED without prejudice. The Clerk is directed to send an In Forma Pauperis form with this Order. Plaintiff shall submit the completed affidavit when he files the Amended Complaint.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 21, 2008.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Sal Algieri, *pro se*